UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 09-30007-MAP |
| v. | ) |
| JIMMY ROMAN ROSARIO, | ) |
| Defendant. | ) |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE BASED ON COLLATERAL ESTOPPEL
### (Dkt. 92)

The United States of America, by and through its undersigned attorneys, hereby provides the Court with the Government's Response to Defendant's Motion to Dismiss with Prejudice Based On Collateral Estoppel. The government relies on the following in support thereof.

I. Background

The defendant now moves that the Court dismiss the Indictment with prejudice because "the prosecution is barred by collateral estoppel issue preclusion and by the 'law of the case' doctrine." Motion at 1. He further alleges that the state court suppression order "is a final adjudication on the merits regarding the inadmissibility of the evidence which is binding on the federal government by virtue of its privity with the commonwealth in this case." Id. at 2. Finally, the defendant asserts that because the commonwealth did not appeal the suppression order "the decision has become the 'law of the case' that precludes the government, because of the privity shared

between the federal government and the commonwealth in this case, from introducing the evidence at trial." Id.

The defendant's argument is based upon the following: 1) after the motion to suppress was allowed in state court on January 29, 2009, the undersigned was present in the courtroom for a hearing on a Motion to Reconsider on March 23, 2009; 2) among the investigators involved in August of 2006 were federal law enforcement agents; 3) the prosecutors in the state case filed an appeal after the motion to suppress was allowed but subsequently withdrew the appeal; and 4) the defendant was charged in federal court on April 7, 2009 and the state then filed a Nolle Prosequi. Memorandum at 3.

The defendant alleges that these

> "facts demonstrate[] that the course of the handling of the state court prosecution was directed by the federal authorities. Also, the facts show that the June (sic) 29, 2009, order allowing the Defendant's Motion to Suppress on a Federal Franks standard was a final adjudication on the merits of the inadmissibility of the evidence seized on August 17, 2006, pursuant to the (sic) Soto's search warrant. The decision went un-appealed making it binding on the commonwealth and those parties in privity with the commonwealth."

Id.

II. Argument

The defendant claims that the entire federal prosecution is barred based on collateral estoppel. The argument fails because there was no privity between the federal and state prosecutors.

The doctrine of collateral estoppel ensures that "when an

2

issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970). United States v. Morris, 99 F.3d 476, 480 (1st Cir. 1996). The First Circuit has held that a state court ruling in a state prosecution will collaterally estop the federal government from relitigating that matter only if federal authorities substantially controlled the state action or virtually were represented by the state court prosecutors. United States v. Land At 5 Bell Rock Road, Freetown, Mass., 896 F.2d 605, 610 (1st Cir. 1990).

The evidence is this case conclusively shows that the federal government was not a party to any aspect of the state court proceedings. Although members of the FBI gang task force participated in the execution of the search warrants at 74 and 121 Newton Streets, there was absolutely no involvement by federal prosecutors in the prosecution of the state case for the entire 29 month gestation of the case from state district court charges on August 17, 2006 through the suppression of the evidence in January of 2009.

United States v. Sutherland, 929 F.2d 765 (1st Cir. 1991) forecloses the defendants' collateral estoppel argument. Sutherland involved a state drug investigation in which the law enforcement officers obtained incriminating tape-recordings of

the defendants.  The Supreme Judicial Court issued an opinion excluding the prosecution's use of the tapes at trial.  Thereafter, the Commonwealth dismissed the state case, and federal prosecutors obtained a federal indictment based on the same evidence.

One of the defendants moved to suppress the tape-recordings on the ground that the federal court was bound by the Supreme Judicial Court's decision under the collateral estoppel doctrine.  The First Circuit rejected the argument, and held that the doctrine of collateral estoppel was inapplicable because the federal authorities did not substantially control the state action and were not represented by the state prosecutor.  929 F.2d at 771.  The Court observed that there was no evidence that the federal prosecutors played any role or had any direct influence in the state court suppression hearing.  929 F.2d at 772.  The Court emphasized that the "federal government was not a party, nor in privity with a party, and collateral estoppel is therefore inapplicable."  Id.

As in Sutherland, the defendant has failed to prove that the United States Attorney's Office was a party to the state proceedings.  See also Land At 5 Bell Rock Road, Freetown, Mass., 896 F.2d at 610 (collateral estoppel doctrine did not bar federal government from litigating defendant's motion to suppress where state court previously allowed the motion because federal

4

authorities were not a party to state court proceedings); <u>United States v. Bonilla Romero</u>, 836 F.2d 39, 44 (1st Cir. 1987).

The defendant argues, however, that he proved privity between the state and federal prosecutors because the undersigned appeared in a public courtroom to observe (not participate in) the unsuccessful argument by the Commonwealth of its Motion for Reconsideration of the suppression motion. The defendant offers no case in support of its argument that if a federal prosecutor watches a public proceeding 29 months after charges are brought and two months after a motion to suppress has been allowed, then the state and federal governments acted in privity for the purposes of collateral estoppel. <u>See</u>, <u>United States v. Safari</u>, 849 F.2d 891, 893 (4th Cir. 1988) (court reasoned that the appointment of a state prosecutor as a special federal prosecutor, which occurred after the state court action suppressing evidence, did not "retroactively make the federal government a party to an earlier state court proceeding." <u>see also</u> <u>United States v. Perchitti</u>, 955 F.2d 674, 677 (11th Cir. 1992)(rejecting argument that privity existed between state and federal government where state prosecutor was appointed as Special Assistant United States Attorney to assist in related federal prosecution because state case had been dismissed before initiation of federal case).

As in <u>Safari</u> and <u>Perchitti</u>, there was no involvement by the

United States Attorney's Office until after the state court had entered its suppression order.  Watching a public hearing from the public gallery of a state courtroom thus did not retroactively make the federal government a party to the state case.  There clearly was no privity between the state and federal government in this case.

In rejecting claims that state law governs the suppression of evidence in federal court, the First Circuit has routinely held that, "federal law governs the admissibility of evidence in federal prosecutions. . . . As a result, [e]vidence obtained in violation of neither the Constitution nor federal law is admissible in federal court proceedings without regard to state law."  United States v. McGauley, 279 F.3d 62, 73-74 (1st Cir. 2002)(quoting United States v. Charles, 213 F.3d 10, 19 (1st Cir. 2000); see also United States v. Quinones, 758 F.2d 40, 43 (1st Cir. 1985)("[it] is well settled that in federal prosecutions evidence admissible under federal law cannot be excluded because it would be inadmissible under state law.");  United States v. Sutherland, 929 F.2d at 769.

The First Circuit in McGauley relied on a long line of cases stemming from the Supreme Court's decision in Elkins v. United States, 364 U.S. 206, 223 (1960), in which that Court held,

> In determining whether there has been an
> unreasonable search and seizure by state
> officers, a federal court must make an
> independent inquiry, whether or not there has

> been such an inquiry by a state court, and
> irrespective of how any such inquiry may have
> turned out. The test is one of federal law,
> neither enlarged by what one state court may
> have countenanced, nor diminished by what
> another may have colorably suppressed.

The First Circuit has reiterated that a district court is not to apply state law principles in suppressing evidence, regardless of whether the evidence is obtained by federal agents, or is obtained by state or local law enforcement officers. See United States v. Wilson, 36 F.3d 205, 208 (1st Cir. 1994).[1] Therefore, contrary to the defendant's assertion, the presence of federal investigators to help execute the search warrants on August 17, 2006 does not demonstrate that the state acted in privity with the federal government.

---

[1] The Court has left open the possibility that "in an extreme case of flagrant abuse of the law by state officials, where federal officials seek to capitalize on that abuse, the First Circuit might choose to exercise its supervisory powers by excluding ill-gotten evidence." Charles, 213 F.3d at 20 (quoting Sutherland, 929 F.2d at 770).

III. Conclusion

For the reasons set forth above, the government requests that the Court deny the Motion to Dismiss.

>Respectfully submitted,
>
>CARMEN M. ORTIZ
>United States Attorney
>
>/s/ Todd E. Newhouse
>TODD E. NEWHOUSE
>Assistant United States Attorney
>PAUL HART SMYTH
>Chief, Springfield Branch Office

CERTIFICATE OF SERVICE

Hampden, ss.  Springfield, Massachusetts
September 3, 2010

I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via ECF to all counsel of record.

>/s/ Todd E. Newhouse
>TODD E. NEWHOUSE
>Assistant U.S. Attorney