UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 09-CR-30007-MAP |
| | ) | |
| JIMMY ROMAN ROSARIO, | ) | |
| Defendant | ) | |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE
(Dkt. No. 92)

October 26, 2010

PONSOR, D.J.

Defendant has moved to dismiss his indictment for possession with intent to distribute cocaine, on the ground that the allowance by a state court judge of a motion to suppress in a parallel Massachusetts prosecution is binding in this federal court.[1]   For the reasons stated in detail following oral argument on October 21, 2010 and summarized below, this motion will be denied.

The court's manifold rationale for its ruling may be briefly recounted as follows.  First, no evidence exists in this record of the sort of control over the state court proceeding by federal authorities that is required in the very rare instances where a dismissal on this ground is permitted. Defendant's motion invokes the well-established rule that

---

[1] The state indictment was dismissed after the motion to suppress was allowed, and Defendant was re-indicted here.

"when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."  Ashe v. Swenson, 397 U.S. 436, 443 (1970).  However, a state court ruling in a state prosecution will collaterally estop the federal government from relitigating that matter "only if federal authorities substantially controlled the state action or were virtually represented by the state prosecutors." United States v. Parcel of Land at 5 Bell Rock Road, Freetown, Mass., 896 F.2d 605, 610 (1st Cir. 1990) (citation and quotation marks omitted).  An Assistant U.S. Attorney's presence as a spectator in the state courtroom during a hearing on a motion to reconsider the suppression ruling, and his departure afterwards in the company of the District Attorney, do not even begin to satisfy the evidentiary standard for the highly infrequent dismissals based on the rationale of preclusion.  Cf. Montana v. United States, 440 U.S. 147, 155 (1979) (holding that collateral estoppel applies where the federal government "assumed control over the earlier state litigation by requiring the lawsuit to be filed, reviewing and approving the complaint, paying attorneys' fees and costs, directing the appeal, and submitting an amicus

brief to the state supreme court."). Defendant's allegations are wholly conclusory and do not undercut the Government's position that "there was absolutely no involvement by federal prosecutors in the prosecution of the state case for the entire 29 month gestation of the case [in state court]." (Dkt. No. 99, Gov't Resp. Def.'s Mot. Dismiss Based on Coll. Estop., at 3.)

Second, the law applicable in federal court to the motion to suppress is different from the law applied in the parallel state proceeding. As the Superior Court judge noted, Massachusetts law requires, or may require (the state law is not crystal clear), suppression of the fruits of a search when deliberate falsehoods appear in the search warrant affidavit, even where these falsehoods are not essential to the finding of probable cause. U. S. Supreme Court precedent construing the requirements of the Fourth Amendment is quite different. Upon a claim of deliberate or reckless misrepresentation in a search warrant affidavit, a federal judge weighing a motion to suppress must excise the alleged falsehoods and determine whether, without them, the probable cause standard has been satisfied. See Franks v. Delaware, 438 U.S. 154, 156 (1978); U.S. v. Cartagena, 593 F.3d 104, 112 (1st Cir. 2010). Significantly, the state court judge, in his memorandum

allowing the motion to suppress in Superior Court, twice observed that if the affidavit were evaluated purely under federal law it would satisfy the Fourth Amendment. (See Dkt. 76, Ex. 3 at 14-15.) Application of the state judge's reasoning in this court would therefore require denial, not allowance, of the motion to suppress.

Third, the evidence presented to this court in connection with the currently pending Motion to Suppress has been, and will be, different from the evidence weighed by the state court judge.

Fourth, preclusive application of the state court suppression ruling would not necessarily require dismissal of this federal indictment. The state court judge's ruling came in the context of a motion to suppress, not a motion to dismiss.

For all these reasons, elaborated in greater detail in the court's oral remarks following argument on October 21, 2010, Defendant's Motion to Dismiss with Prejudice (Dkt. No. 92) is hereby DENIED.

It is So Ordered.


                                /s/ Michael A. Ponsor
                                MICHAEL A. PONSOR
                                United States District Judge